IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOUGLAS BRENNAN, Personal Representative of the ESTATE OF DENNIS BRENNAN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, CHHANDA BEWTRA, M.D., CREIGHTON SAINT JOSEPH REGIONAL HEALTHCARE SYSTEM, L.L.C. d/b/a CREIGHTON UNIVERSITY MEDICAL CENTER, ALAN RICHARDS, M.D.,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff and alleges the following:

**PARTIES AND JURISDICTION**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671(b), et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b) and 42 U.S.C. § 233.

2. Plaintiff, Douglas Brennan, is the duly appointed, qualified and acting Personal Representative of the Estate of Dennis Brennan, by Order of the County Court of Douglas County, Nebraska (hereinafter "Dennis Brennan"). At the time of his death and at all times relevant herein, Dennis Brennan was a citizen of the United States and was a resident of the state of Nebraska.

2. Upon information and belief and at all relevant times, Defendant United States of America ("United States") operated the VA Nebraska-Western Iowa Health Care System - Omaha Division ("VA Nebraska") located in Omaha, Nebraska and, as such, the VA Nebraska is subject to and covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Employees of the VA Nebraska are deemed to be employees of the United States under the provisions of the FTCA.

3. Defendant, Chhanda Bewtra, M.D. is a physician licensed to practice medicine in Nebraska. Upon information and belief, at all times relevant times, Dr. Bewtra provided medical services to Dennis Brennan at the VA Nebraska while working as a staff pathologist at the VA

Nebraska and is considered a federal employee under the FTCA.

4. Defendant, Alan Richards, M.D. is a physician licensed to practice medicine in Nebraska. Upon information and belief, at all times relevant times, Dr. Richards provided medical services to Dennis Brennan while working as a staff physician at the VA Nebraska in Omaha, Nebraska and is considered a federal employee under the FTCA.

5. Upon information and belief and at all relevant times, Defendant Bewtra was listed as a staff pathologist at the VA Nebraska and Defendant Richards was listed as a staff physician at the VA Nebraska.

6. At relevant times, Defendant Bewtra practiced medicine with Defendant Creighton Saint Joseph Regional Healthcare System, L.L.C. d/b/a Creighton University Medical Center ("Defendant Creighton"). All acts and omissions of Defendant Bewtra were taken in the course of the doctor's association with Defendant Creighton, and on behalf of the corporation; liability for the negligent acts, omissions, and negligent failures to act, of Defendant Bewtra are imputed to Defendant Creighton, by the doctrine of *respondeat superior.*

## PROCEDURAL REQUIREMENTS

7. That on or about January 31, 2011, pursuant to the FTCA, Dennis Brennan filed a Tort Claim for a personal injury claim with the Defendant United States, through its agent Department of Veterans Affairs and/or St. Louis Office of Regional Counsel. By letter dated February 14, 2011, the Defendant United States, through its agents and employees, acknowledged receipt of said tort claim.

8. On or about May 27, 2011 and June 15, 2011, Plaintiff filed an Amended Tort Claim for personal injury (survival claim) and wrongful death claim with the Defendant United States, through its agent Department of Veterans Affairs and/or St. Louis Office of Regional Counsel.

9. By letter dated June 16, 2011, Defendant United States, through its agent Department of Veterans Affairs and/or St. Louis Office of Regional Counsel, denied Plaintiff's Tort Claim and Amended Tort Claim and informed him of his right to file a civil action within six (6) months of the date of notice of the denial.

10. Defendants Bewtra, Creighton University, and Richards may be covered by the provisions of the Nebraska Hospital-Medical Liability Act. If the Defendants are found to be covered by the provisions of the Act, Plaintiff has elected to waive his right, pursuant Neb. Rev. Stat. § 44-2840(4), to peer review by a medical review panel prior to the initiation of this litigation. A

copy of Plaintiff's Complaint was served by certified mail to the Director of the Nebraska Department of Insurance at the time the action was filed with this Court as required by law.

### FIRST CAUSE OF ACTION - NEGLIGENCE

11.   Plaintiff incorporates Paragraphs 1 through 10 of this Complaint, as if fully set forth herein.

12.   On or about April 11, 2008, Dennis Brennan received medical services at the VA Nebraska from the Defendants. On that date, Dennis Brennan underwent direct laryngoscopy with biopsy of the left false vocal cord and a fine needle aspiration of the right 2/3 lymph node. The pathology report dated April 11, 2008 and submitted by Defendant Bewtra for the needle aspiration of the right 2/3 lymph node set forth a diagnosis as follows: "FNA, RIGHT LEVEL III LYMPH NODE: - POSITIVE FOR MALIGNANCY, MOST LIKELY SQUAMOUS CELL TYPE". The pathology report dated April 11, 2008 for the biopsy taken of his left false vocal cord set forth a diagnosis as follows: "Vocal Cord, left false, biopsy: – Sqamous mucosa with mild hyperkeratosis; – no dysplasia or malignancy identified."

13.   On or about April 23, 2008, Defendant Richards met with Dennis Brennan to discuss the results of the pathology reports. At that time, Dennis Brennan was informed that "Biopsy negative for malignancy. No adenopathy seen on CT scan. Our concern was that the right neck mass was an enlarged node anterior to the carotid. Appears mass is prominent carotid body itself."

14.   On or about January 7, 2011, Dennis Brennan was seen at the VA Nebraska due to increased neck pain he was experiencing. At that time, the malignancy diagnosis from April of 2008 was disclosed to Dennis Brennan for the first time. At this time, Dennis Brennan had squamous cell carcinoma stage TX N2b M1, with metastases to the right neck and cervical spine.

15.   On or about January 19, 2011, Dennis Brennan and others met with the Acting Chief of Staff, Thomas Lynch, M.D., who admitted mistakes were made with regard to the missed diagnosis made by the Defendants and the failure to inform and recommend follow-up treatment to Dennis Brennan.

16.   That had such malignancy been promptly disclosed, it could have been successfully treated thereby increasing Dennis Brennan's life expectancy and reducing his subsequent pain and suffering and medical expenses.

17.   After the malignancy diagnosis was disclosed to Dennis Brennan in January 2011, he received treatment of radiation and chemotherapy for the malignancy. In preparation for the

radiation, Dennis Brennan had to have all of his teeth removed.

19. 18. In April of 2008, Defendants owed a duty of care to Dennis Brennan to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other physicians engaged in a similar practice in the same or similar localities.

19. The Defendants breached this duty of care to Dennis Brennan in April of 2008 when they failed to promptly diagnose, inform and treat Dennis Brennan for a malignancy of the right level III lymph node.

20. As a direct and proximate result of the negligence of Defendants, Dennis Brennan stayed at a skilled nursing and rehabilitation facility during which he received radiation/chemotherapy treatments, . He subsequently was admitted to a nursing home and received hospice care. From approximately January 7, 2011 to May 14, 2011, Dennis Brennan was in treatment facilities and had to continuously wear a neck collar since his neck became unstable due to the malignancy in his neck.

21. As a direct and proximate result of the negligence of Defendants, Dennis Brennan also had surgery performed on his neck which included C5 corpectomy for tumor resection and spinal cord decompression, C4-C5 diskectomies, C4-C5-C6 interbody fusion with structural allograft and a C4-C5-C6 anterior instrumentation (C-TEK). Surgery was performed due to a pathologic fracture that lead to weakness in Mr. Brennan's left arm.

22. As a direct and proximate result of the admitted negligence of Defendants, Dennis Brennan incurred medical expenses, to date, in the approximate amount of $29,571.17 from January 7, 2011 to May 14, 2011, suffered severe pain and suffering as a result of the malignancy in his neck, subsequent radiation/chemotherapy treatments, neck surgery, and other complications from the malignancy in his neck. Plaintiff continues to receive medical expenses from medical providers who provided care and treatment to Dennis Brennan, deceased.

23. As a proximate result of the admitted negligence of the Defendants, Dennis Brennan died on May 14, 2011.

### SECOND CAUSE OF ACTION - WRONGFUL DEATH

24. Plaintiff incorporates Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. The injuries, damages and death suffered by Decedent Dennis Brennan were proximately caused by the negligence of the Defendants by their failure to promptly diagnose, inform

and treat Dennis Brennan in April of 2008 for a malignancy of the right level III lymph node.

26. Dennis Brennan incurred special damages for medical expenses, to date, in the approximate amount of $29,571.17 from January 7, 2011 until the date of his death on May 14, 2011 together with funeral, burial and memorial services in the approximate amount of $8,390.09 as a result of the negligence of the Defendants. Plaintiff continues to receive medical expenses from medical providers who provided care and treatment to Dennis Brennan, deceased.

27. That by reason of the death of Dennis Brennan, the surviving children and grandchildren of Dennis Brennan, Deceased, have suffered damages for the loss of his care, comfort, companionship, consortium, and the value of the contribution Decedent Dennis Brennan would have made to them.

## REQUEST FOR RELIEF

On the foregoing basis, Plaintiff respectfully request judgment against Defendants, jointly and severally, on both of their Causes of Action, for special damages in an amount to be determined at trial, general damages in an amount to be determined at trial, accruing special and general damages, prejudgment interest to the extent permitted by law, the costs of this action, and other just relief.

DOUGLAS BRENNAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF DENNIS BRENNAN, Plaintiff,

BY:    s /Thomas M. White
C. Thomas White, #14488
Thomas M. White, #17452
Amy S. Jorgensen, #23215
WHITE & JORGENSEN
209 So. 19th Street, Suite #310
Omaha, NE 68102
(402) 346-5700

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands trial by jury in Omaha, Nebraska, on all issues so triable.

s/Thomas M. White
One of Plaintiff's attorneys